UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LVL CO., LLC,<br><br>      Plaintiff,<br><br>  vs.<br><br>CITY OF EASTON,<br><br>      Defendants. | Civil Action No.<br><br><br><br>**COMPLAINT** |

Plaintiff, LVL Co. LLC, by and through its attorney, James L. Pfeiffer, Esq., of the law firm of Pfeiffer & Bruno, P.C., brings this action for breach of contract and violations of civil rights under 42 U.S.C. Sections 1983 and 1988 seeking damages against the Defendant for depriving Plaintiff of their property rights without just compensation or due process secured by the Fifth and Fourteenth Amendments to the U.S. Constitution under Color of Law, and in support thereof states:

### PARTIES

1. Plaintiff, LVL Co., LLC (hereinafter "LVL") is a limited liability company organized under the laws of the State of Delaware. None of the members of LVL are residents of the Commonwealth of Pennsylvania.

2. Defendant, City of Easton (hereafter "Easton") is a municipality formed under the laws of the Commonwealth of Pennsylvania with an office address of One South Third Street, Easton, Pennsylvania.

## JURISDICTION & VENUE

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1332(a) as these claims arise under (a) the Constitution of the United States and (b) 42 U.S.C. §§1983 and 1988. Moreover, as to the breach of contract claim, this Court has jurisdiction over this matter by reason of diversity of citizenship and the matter in controversy exceeds the sum of $75,0000, exclusive of interest and costs pursuant to 28 U.S.C. § 1332(a).

4. This Court has jurisdiction over the parties and venue is proper in this Court pursuant to 28 U.S.C. §1391 in that:

   a. The City has its office or principal places of business in this district; and

   b. The transactions and occurrences giving rise to the cause of action in this Complaint occurred in this district.

## FACTUAL ALLEGATIONS

5. LVL is in the business of leasing and purchasing off-premise signs (billboards).

6. LVL purchased the assets of the entity known as Pennsylvania Media LLC (hereinafter "PA Media") in August 2015 which included PA Media's rights from a previous civil rights case that it filed, and then resolved, against Easton pursuant to a Settlement Agreement (hereinafter "Agreement"), attached hereto as Exhibit A.

7. Easton accepted and approved the Agreement by Resolution dated April 13, 2016, attached hereto as Exhibit B.

8. As a result of LVL's purchase of PA Media's assets and rights, LVL is a predecessor/successor of interest to PA Media and is therefore entitled to all of the rights that PA Media has under the Agreement with Easton.

2

9. Pursuant to the Agreement, Section 1. Dismissal, the parties stipulated to the dismissal of the action with prejudice based upon mutual promises as set forth in the Agreement, and the occurrence of a condition, specifically PA Media being granted a billboard site capable of approval for a double-sided electronic LED digital billboard to be located in Easton on Tax Parcel #M10 23 0310E (hereinafter "Proposed Site"), which is located next to Interstate Route 78 Westbound, or other billboard site/location acceptable to PA Media and LVL. (See Exhibit A, Section 15, Page 8.)

10. Easton and LVL entered into a lease agreement and addendum thereto, for the Proposed Site, which lease agreement and addendum were accepted and approved by Easton via Ordinance No 5553 dated 4/27/2016, attached hereto as Exhibit "C".

11. The Proposed Site, however, is not acceptable to LVL for numerous practical reasons, chief among them the fact that the Proposed Site cannot be legally permitted for a billboard because of applicable federal regulations as to billboards on interstate highways such as Interstate Route 78.

12. By letter dated January 12, 2017, Richard Zecchino, Esq., General Counsel for Adams Outdoor Advertising L.P., an affiliate of LVL, put Easton on notice that the Proposed Site was not acceptable to LVL and, pursuant to LVL's rights under the Agreement (those obtained through PA Media and LVL's own rights), it would be seeking a new site for approval, attached hereto as Exhibit "D".

13. By letter dated February 14, 2017, Easton's legal counsel, Attorney Steven Hoffman, denied LVL's assertion of a right to an alternate acceptable site pursuant to the Agreement, attached hereto as Exhibit "E".

3

14. LVL identified an alternative acceptable location and acquired the rights from the property owner, Dennis Benner, and/or the business entity controlled by him to place a billboard at Pine Street in Easton on Tax Parcel #L9SE2B 511 0310 facing Centre Square, Easton which fronts on Centre Square (hereinafter "Centre Square").

15. As an attempt to avoid litigation and seek a compromise, LVL, by and through its representatives, thereafter had discussions and met with Easton's Mayor Salvatore Panto (hereinafter "Mayor Panto") advising him that the Centre Square location would be an acceptable alternative site to LVL under the Agreement.

16. LVL, by and through its representatives, thereafter on June 27, 2017, met with Mayor Panto and City Council to propose the Centre Square site as an acceptable alternative site per the Agreement.

17. Easton by and through its Mayor and City Council rejected Centre Square as an acceptable alternative site per the Agreement.

18. The Agreement does not provide Easton with the right to deny LVL's alternative acceptable billboard site/location of choice.

19. The Agreement inherently requires Easton to take all action within in its control to insure that LVL secures a billboard site/location acceptable to it.

20. Easton has the legislative power to approve the Centre Square site/location chosen by LVL as an alternatively acceptable site, but has refused to do so.

21. In January 2018, Easton offered other billboard site/locations however none of those sites are acceptable to LVL as the proposed sites are not viable because they fail to comply with Penn DOT regulations and thus cannot be built.

22. On May 2, 2018, in a further attempt to avoid litigation, LVL, by and through its

4

representations, again sought a potential resolution of this matter with Easton by meeting with Mayor Panto.

23. At the May 2, 2018 meeting, LVL again sought approval of the Centre Square location or another acceptable location.

24. Thereafter Mayor and Counsel advised LVL that Easton will not accept the Centre Square location and did not offer any other potential location(s).

25. Easton's actions in failing to accept Centre Square as LVL's alternatively acceptable billboard site/location, or offer another billboard site/location acceptable to LVL, which is compatible to LVL in terms of aesthetics and economics to the identified site in the Agreement or the Centre Square location, is in bad faith, arbitrary and capricious.

26. The Agreement, specifically Section 9, Breach of Agreement, provides LVL with the legal right to seek injunctive relief and/or damages for violation of the Agreement. (See Exhibit A).

27. The billboard identified in the agreement was a double-sided electronic LED digital billboard to be located on the West bound lanes of Interstate Route 78.

28. The lease term for the proposed Interstate Route 78 site was to be for a term of twenty-nine and one half years (29 ½). (See Exhibit C).

29. The revenue for a double-sided electronic LED Digital Billboard to be located on the West bound lanes of Interstate Route 78--based on its size, type (digital) and location-- is estimated to be ten million nine hundred fifteen thousand dollars ($10,915,000.00 over the life of the lease.

30. The billboard LVL proposed to build at the Centre Square location was a single-faced, curved, electronic LED digital billboard.

31. The revenue for a single-faced, curved, electronic LED digital billboard to be located at the Centre Square location--based on its size, type (digital) and location--is estimated to be seven million two hundred fifty thousand dollars ($7,250,000.00) over the life of the lease agreement with the property owner.

## COUNT I

## BREACH OF CONTRACT

32. Paragraphs 1 through 31 are incorporated herein by reference hereto as set forth more fully at length herein

33. The Agreement is a contract between the parties which sets forth each party's rights and responsibilities to each other.

34. Based upon Easton's refusal to accept Center Square as LVL's alternatively acceptable billboard site/location, Easton has violated the Agreement.

35. Easton has no legal basis to breach the Agreement with LVL.

36. As a direct and proximate result of Easton's breach of the Agreement, LVL has suffered damages in excess of $7,250,000.00.

WHEREFORE, Plaintiff LVL, requests that this Honorable Court enter Judgment against the Defendant Easton as follows:

    a. Compensatory damages in the amount of $7,250,000.00 as determined at time of trial;

    b. Delay damages;

    c. Punitive damages;

    d. Reasonable attorney's fees and costs;

    e. In the alternative of entering a Judgment for money damages, enter an Order that

Defendant Easton take all legislative action necessary for Plaintiff LVL's alternatively acceptable site at Centre Square to be approved and built along with attorney fees and costs; and

 f. Such other and further relief as the Court may deem necessary and appropriate.

## COUNT II

### 42 U.S.C. §1983
### UNCONSTITUTIONAL TAKING OF PROPERTY RIGHT WITHOUT COMPENSATION

37. Paragraphs 1 through 36 are incorporated herein by reference hereto as set forth more fully at length herein

38. Easton's unilateral actions in failing to recognize LVL's rights under the Agreement and provide LVL access to its acceptable alternative site is a taking of a property right without due process of law and without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the Commonwealth of Pennsylvania.

39. As a direct and proximate result of Easton's unconstitutional taking of LVL's property right as granted in the agreement, LVL has suffered damages in excess of $7,250,000.00.

WHEREFORE, Plaintiff LVL, requests that this Honorable Court enter Judgment against the Defendant Easton as follows:

 a. Compensatory damages in the amount of $7,250,000.00 as determined at time of trial;

 b. Delay damages;

 c. Punitive damages;

    d.    Reasonable attorney's fees and costs;

    e.    In the alternative of entering a Judgment for money damages, enter an Order that Defendant Easton take all legislative action necessary for Plaintiff LVL's alternatively acceptable site at Centre Square to be approved and built along with attorney fees and costs; and

    f.    Such other and further relief as the Court may deem necessary and appropriate.

**PFEIFFER & BRUNO, P.C.**

BY: _____
JAMES L. PFEIFFER, ESQ. I.D. #47268
Attorney for Plaintiff, LVL Co. LLC
44 N. 2nd Street – P.O. Box 468
Easton, PA 18044-0468
610-258-4003 (o)
610-258-1943 (f)

Dated: June 26, 2018